**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**RYLENE S.,**

              **Plaintiff,**

                v.

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION,**

              **Defendant.**

**5:18-cv-1105**
**(GLS)**

_____

## SUMMARY ORDER

On September 14, 2018, plaintiff *pro se* Rylene S. commenced this action, challenging the Commissioner of Social Security's denial of her son's Supplemental Security Income (SSI).[1] (Compl., Dkt. No. 1.) Pending before the court is the Commissioner's motion to dismiss. (Dkt. No. 12.) For the following reasons, the Commissioner's motion to dismiss is granted.[2]

_____

[1] On the face of the complaint, it is unclear whether Rylene is challenging the ALJ's decision as to her, or to her son. For instance, the complaint contains the last four digits of Rylene's social security number, as well as the last four digits of her son's social security number. (Compl.) However, on January 25, 2013, an Administrative Law Judge granted Rylene's claim for SSI, (Dkt. No. 10, at 5-14), and, on March 28, 2019, Rylene sent a letter to the court, noting, in part, "the case is for my son . . . because they stop [sic] his SSI," (Dkt. No. 14). In any event, the outcome is the same, because the action is untimely as to both Rylene and her son.

[2] The complaint also contains a vague reference to a "housing discrimination" claim. (Compl.) However, the court is unable to make out what, if any, relief Rylene is

Section 405(g) of the Social Security Act (SSA) permits a claimant who has been denied benefits to obtain judicial review of the Commissioner's denial by bringing a civil action in the judicial district of the claimant's residence within sixty days of the mailing of the notice of such decision. *See* 42 U.S.C. § 405(g). The regulations provide that the sixty-day period begins to run upon the claimant's receipt of the notice, which is presumed to be five days after the date of the notifying letter. *See* 20 C.F.R. § 422.210(c). *See Matsibekker v. Heckler,* 738 F.2d 79, 81 (2d Cir. 1984). The sixty-day limitations period must be strictly construed because it is a condition to the government's waiver of sovereign immunity. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Generally, failure to timely file, even where the delay is minor, will require dismissal of the complaint. *See Johnson v. Astrue*, No. 12-CV-2736, 2014 WL 2624904, at *2 (E.D.N.Y. June 12, 2014) (internal citations omitted).

Notwithstanding the strict application of the statute of limitations, "a filing may be deemed timely under the doctrine of equitable tolling where a litigant can show that he has been pursuing his rights diligently and that

---

seeking. Thus, to the extent the complaint attempts to allege an additional claim, it is dismissed without prejudice for failure to meet the basic pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

2

some extraordinary circumstance stood in his way." *Reape v. Colvin*, No. 1:13-CV-1426, 2015 WL 275865, at *3 (N.D.N.Y. Jan. 22, 2015) (internal citations and quotations omitted). The application of this doctrine is appropriate only in "rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal citations and quotations omitted). While "equitable tolling is generally warranted only in rare and exceptional circumstances, . . . it is not infrequently appropriate in cases involving social security benefits because Congress intended to be unusually protective of claimants in this area." *Liranzo v. Astrue*, No. 07-CV-5074, 2010 WL 626791, at *3 (E.D.N.Y. Feb. 23, 2010) (internal citations and quotations omitted).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his or her pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *See Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). Finally, the court may consider matters of which judicial notice may

3

be taken, such as public filings and administrative decisions. *See Kavowras v. New York Times, Co.*, 328 F.3d 50, 57 (2d Cir. 2003); *Combier-Kapel v. Biegelson*, 242 F. App'x 714, 715 (2d Cir. 2007).

On March 1, 2017, an Administrative Law Judge (ALJ) issued an unfavorable decision denying SSI benefits to Rylene's son. (Dkt. No. 12, Attach. 3 at 3.) Review of the ALJ's determination was requested, and, on January 23, 2018, the Appeals Council denied review, and sent notice of this decision to Rylene, on behalf of her son. (*Id.*) The notice informed Rylene of her right to commence a civil action within sixty days of receipt of that notice. (*Id.*) After adding five days for mailing,[3] the sixty-day window expired on March 29, 2018. Rylene's complaint was filed on September 14, 2018. (Dkt. No. 1.) Thus, the statute of limitations has run, and, unless equitable tolling applies, the case must be dismissed. The Commissioner argues that there is no basis to toll the sixty-day requirement. (Dkt. No. 12, Attach. 1 at 6-7.) Despite being afforded two extensions of time,[4] Rylene failed to respond to the Commissioner's motion

---

[3] The Appeals Council notice specifically informs Rylene that receipt of the notice is presumed to be five days after the date on the notice. (Dkt. No. 12, Attach. 3 at 25.)

[4] In addition to the court's initial *sua sponte* extension, (Dkt. No. 13), the court granted Rylene's subsequent request for additional time to respond, (Dkt. No. 15).

4

at all, let alone make any argument that equitable tolling applies. Because it is plain that this matter was not timely commenced and Rylene has made no attempt to establish her entitlement to equitable tolling, the Commissioner's motion, (Dkt. No. 12), is granted.

Accordingly, it is hereby

**ORDERED** that the Commissioner's motion to dismiss is **GRANTED**; and it is further

**ORDERED** that Rylene's complaint (Compl.) is **DISMISSED** as follows: **DISMISSED** without prejudice as to any potential claim related to housing discrimination; and **DISMISSED** with prejudice in all other respects; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

October 23, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge